BALFOUR, GUTHRIE & CO., LTD. *v.* UNITED STATES (No. 4470) [1]

---

[1] C. A. D. 300.

United States Court of Customs and Patent Appeals, February 7, 1945

*Lawrence & Tuttle* (*Frank L. Lawrence* and *George R. Tuttle* of counsel) for appellant.

*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Alfred A. Taylor, Jr.*, special attorneys, of counsel), for the United States.

[Oral argument December 6, 1944, by Mr. Tuttle and Mr. Taylor]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges [1]

GARRETT, Presiding Judge, delivered the opinion of the court.

This is an appeal from the judgment of the United States Customs Court (First Division) overruling the protest of the importer (appellant here) against the classification by the Collector of Customs at the port of Los Angeles, Calif., of certain merchandise imported from China in 1938, described on the invoice as "joss sticks."

Duty was collected at the rate of 45 per centum ad valorem, the merchandise being classified and assessed with duty under that portion of paragraph 409 of the Tariff Act of 1930 reading:

PAR. 409. \* \* \* all articles not specially provided for \* \* \* partly manufactured of \* \* \* bamboo \* \* \* 45 per centum ad valorem.

The protest as filed embraced alternative claims, all of which were discussed and passed upon by the trial court, but before us the only claim relied upon is for classification under paragraph 1703 (a free list paragraph) of the act, reading in full:

PAR. 1703. Joss stick or joss light.

Specifically the claim is that the merchandise falls within the commercial meaning of the term "joss stick," it being conceded, in effect, that under former decisions of this court and the Customs Court involving merchandise of an identical character, it does not come within the common meaning of the term. The particular cases referred to are *Balfour, Guthrie & Co., Ltd.* v. *United States*, decided by the Customs Court May 7, 1935, T. D. 47678, 67 Treas. Dec. 737 (not appealed), and *J. M. Da Rocha* v. *United States*, 26 C. C. P. A. (Customs) 78, T. D. 49613, in which, on May 2, 1938, we affirmed the judgment of the Customs Court, Abstract 36663, 72 Treas. Dec. 853, rendered August 31, 1937.

It may be stated that counsel for the importer in the instant case represented the importer in the *Da Rocha* case, *supra*, but so far as the record shows the question of "commercial designation" was not raised before the trial court, nor was it presented in the assignments of error embraced in the petition of appeal to us. So, it was not then considered.

---

[1] JACKSON, Judge, took no part in the consideration or decision of this case.

It was raised before the trial court in the instant case, and is presented to us by errors alleged in the petition of appeal.

A portion of the record in the *Balfour, Guthrie* case, *supra,* was incorporated in the *Da Rocha* case, *supra,* and the record in the latter case was incorporated in the record of the instant case. No additional evidence was introduced by the importer other than a sample (said 'to be representative of the merchandise) introduced as Collective Exhibit 1. It is the claim of the importer that the evidence in the incorporated cases is sufficient to establish a commercial meaning under the so-called doctrine of commercial designation and, in effect, that there was no necessity for the introduction of additional testimony on that question.

For the purpose of clarity, it is proper to state at this point that our decision in the *Da Rocha* case, *supra,* was based upon the conclusion derived from the definition of "joss stick" stated by the lexicographers (the testimony of the witnesses not being helpful), and the 1929 Summary of Tariff Information that an article, in order to fall within the common meaning of the term, must be made from the dust of odoriferous woods, and it was found from an examination of the exhibit in that case (similar to exhibit 1 in this case) that the sticks were not made of such material.

In the instant case the Government introduced no evidence on the question of commercial designation, but called as a witness a Government chemist at the port of Los Angeles, who testified to the effect that the samples are not in any part of odoriferous wood, being composed of "Vegetable material, apparently wood and straw, leaf material," and sticks of bamboo.

Inasmuch as there is no contention that the courts erred in their holdings in the *Da Rocha* case, *supra,* that the articles do not fall within the common meaning of the term "joss stick," no further consideration of that question is here necessary, and the sole question before us is whether the evidence presented is sufficient to establish that the articles fall within paragraph 1703, *supra,* under the doctrine of commercial designation.

More specifically the question is: Does the evidence establish that at, and prior to, the time of the passage of the Tariff Act of 1930, the term "joss stick" had a definite, uniform, and general meaning throughout the trade and commerce of the United States which embraced articles of the character of those here involved, notwithstanding the fact that they were not embraced within the common meaning of the term?

In its decision the trial court carefully reviewed the evidence in the case.

Appellant's allegations of error relate wholly to that court's findings

of fact, there being no claim that it did not correctly interpret the rules of law applicable in cases of this character.

Under such circumstances we, of course, may not properly reverse the judgment unless convinced that it is against the weight of the evidence. We therefore deem it proper to quote verbatim the court's findings of fact and its comments thereon, as follows:

The record before us contains the testimony of A. Hord Winn given at the trial of the *Balfour Guthrie & Co.* case, *supra*. Mr. Winn identified himself as manager of the firecracker department of that concern since 1927, and stated that in conjunction with firecrackers he handled merchandise similar to Exhibit 1 in that case (which presumably was the same as Exhibit 1 offered on the trial of the present case). He stated that Balfour Guthrie & Co. imported for the wholesale trade, and that he had entire charge of the sales of articles such as those here in question. Mr. Winn's testimony indicates that such sales were made throughout the United States and he estimated that his firm did about 50 per cent of all the business in the United States of buying such articles and selling them to wholesalers.

He produced a number of invoices, which were received in evidence as Collective Exhibit 2, on which items of "joss sticks" appeared, and testified that such items referred to merchandise identical with Exhibit 1.

However, when he was asked,
Are these articles like Exhibit 1 sold under a definite and uniform name in the wholesale trade so far as you know throughout the United States?
the witness answered,

I know nothing about how others classify them.

The witness then stated that his firm sold them under a definite and uniform name, and that the orders therefor were written by his salesmen, who designated the merchandise therein as "joss sticks", but he could not recall any orders which came direct from the customers, showing how they designated them.

The other witness who testified with reference to commercial designation was Hall M. Thompson, a wholesale dealer in firewords, who testified that he had made sales in Oregon, Washington, Idaho, Montana, North Dakota, New Mexico, Arizona, Utah, Nevada, and California of merchandise similar to Exhibit 1, and that on and before June 18, 1930, and up to the time of his testimony (1933) he had sold them as "Chinese joss sticks".

In our view the foregoing testimony is insufficient to satisfy the requirements of the rule of commercial designation. In order to invoke that rule in the case at bar it must be shown that, in the trade and commerce of the United States, the merchandise in question was bought and sold and known definitely, uniformly, and generally, and not partially, locally, or personally, as joss sticks. The most that can be said of the testimony of these witnesses is that they have stated the practice of their firms in the sale of the merchandise at bar. This is some evidence tending to establish commercial designation, but it is not sufficient, standing alone, to prove the elements of commercial designation as stated above.

The mere fact that Mr. Winn's firm imported and sold 50 per cent of all the articles such as those at bar which were dealt in in the United States does not, of itself, establish that the practice of that firm was the trade practice. It appears from the record that there was a large trade involving at least 250 wholesalers, in the United States dealing in such merchandise. As to how that trade regarded merchandise such as that in issue the record is silent. There is nothing to show that the designation applied to such articles by the firms of the two witnesses was general, definite, and uniform in the wholesale trade and we therefore hold that the

record fails to bring the merchandise at bar within the meaning of the term "joss sticks" as used in the Act.

We have examined the testimony with care in the light of the earnest arguments embraced in appellant's brief and reiterated during the oral presentation of the case before us, and we find nothing therein which, in our opinion, would justify a conclusion different from the conclusion of the trial tribunal. It is quite clear that the court gave to each and every pertinent item of the evidence, and to the evidence taken as a whole, all the weight to which it was entitled.

The judgment appealed from is *affirmed.*